Dolhequy v. Tabor.

---

## DOLHEQUY v. TABOR.

PENDING an appeal to the Commissioner of the General Land Office, from the decision of a United States Land Register, in a contest between a person at whose request the State Locating Agent has made a selection in the United States Land Office, in conformity with the School Land Act of April 23d, 1858, and a person who, before the issuance of a certificate of purchase, had interposed before the Register a claim as preëmptor, the rights of the applicant for location are suspended and preserved, and until the final decision no other location of the same land can be made to his prejudice.

In the case above stated, no payment of the twenty per cent. of the purchase money to the treasurer of the county need be made by the applicant until the appeal is determined, and the result known at the Register's office.

Where, pending the appeal in the above case, a third person, with full knowledge of its pendency and the rights of the first applicant, procures the issuance to himself of a certificate of purchase under the same act, he will be deemed to hold the certificate in trust for the former applicant in whose favor the appeal is decided, and may be compelled by bill in equity to transfer it to him upon being reimbursed his expenses.

APPEAL from the Thirteenth Judicial District.

The facts are stated in the opinion of the Court.

*O. M. Brown*, for Appellant.

Relief in equity may always be had, in cases of fraud, accident, or mistake, and the present is a proper case for relief, as the title complained of was procured through the positive fraud of Tabor, and the mistake of the State Agent. In the case of *Mott v. Hawthorn* (17 Cal. 59), the plaintiff showed that he had done nothing whatever to acquire the title which defendant had acquired; had not attempted to do so, had complied with no law, nor had he done all the law permitted in such cases. Had he shown the acts or diligence of appellant in the case at bar, I apprehend the decision of the Court would have been the reverse of what it was. Plaintiff's right to the certificate is clear. So long as that certificate is in the possession of another, he can neither maintain ejectment against, or successfully defend, an action brought on the certificate by the respondent, and the injunction and other equitable relief prayed for should have been awarded by the Chancellor. (1 Dev. Eq. 12.)

*John Reynolds*, for Respondent.

The appellant claims that this case differs from the case of *Mott v. Hawthorn* (17 Cal. 58) in this, that in this case the plaintiff tried to obtain the certificate of purchase, while Mott did not make so great efforts as plaintiff. The particular act of diligence tending to show his intention to pay his money and receive his certificate (in certain contingencies), and which he claims entitles him to relief in this action, is depositing an amount of money with the

Register, to be paid to the Treasurer, on the appeal of Tabor (not defendants) being unsuccessful—and afterwards withdrawing it before the decision of the appeal. If the purchase could be made and completed by the payment of the money, pending the appeal, then the way was open to plaintiff to pay his money and take his certificate. But on the other hand, if the purchase could not be made and the certificate issue until the decision of the appeal, then the defendant's certificate was void, and the purchase attempted to be made by Fowler, his assignor, was in fact no purchase, and plaintiff might have paid his money and demanded his certificate, after the decision of the appeal—and if it was refused him, his remedy, if he has any in the Courts, would be by *mandamus*.

NORTON, J. delivered the opinion of the Court—COPE, C. J. and CROCKER, J. concurring.

On the twenty-ninth day of September, 1858, Dolhequy made a request to the locating agent to have the land in question located under the Act of April 23d, 1858. The selection was made in the United States Land Office on the fourth day of October, 1858. On the sixteenth day of November, 1858, one James C. Tabor made a claim at the United States Land Office to have a preëmption right to a portion of the land. Upon a notice to the parties interested, this claim was investigated by the United States Register, and on the eleventh day of January, 1859, a decision was made against the claim, from which decision the claimant, on the twelfth day of January, 1859, appealed to the United States Commissioner of the General Land Office, and on the same day the United States Register transmitted a transcript of all the papers and proceedings and testimony in the case to the Commissioner, and notified Dolhequy that the approval of the location made by the State in his behalf, and all further proceedings in regard to said location were thereby suspended. Dolhequy thereupon deposited with the United States Register the sum of one hundred and twenty dollars, to be paid to the State for the first payment of twenty per cent. and interest, if his location should be finally allowed.

19

Dolhequy v. Tabor.

The United States Commissioner of the General Land Office, on the tenth day of August, 1860, decided against the claim of James C. Tabor to a preëmption right, but before his decision was known to the Register here, Dolhequy, on the fifteenth day of August, 1860, withdrew his money from the hands of the Register. In the meantime—to wit, on the thirteenth day of July, 1860—one Fowler procured a location of the same land to be made in his behalf, and received a certificate of purchase for the same. This certificate has since been transferred to the defendant, John A. Tabor, who advanced the money by which the certificate was obtained, and who, it appears by the undenied allegations of the complaint and the proofs, had full knowledge of the proceedings taken by Dolhequy to procure a certificate of purchase, and of the suspension of those proceedings in consequence of the appeal taken by James C. Tabor from the decision on his preëmption claim, and for whose benefit it may clearly be inferred the certificate was procured in the name of Fowler. The decision of the Commissioner of the General Land Office was received by the Register in California on the thirteenth day of September, 1860, and Dolhequy on the sixth day of October, 1860, paid to the County Treasurer on his location, the sum of one hundred and seventy-nine dollars, being the amount of the twenty per cent. and three years' interest, and the Treasurer's fee.

The defendant claims that the plaintiff forfeited his right to a certificate of purchase by not paying for it in due time.

The Act of 1858 does not specify the time when payment is to be made, and the application to become a purchaser was not made by Fowler until long after the proceedings under Dolhequy's application had been suspended. Dolhequy's rights, we think, continued in force during the pending of the appeal by James C. Tabor, and until the result of that appeal was known at the United States Register's office. By Sec. 4 of the Act of 1859, supplementary to the Act of 1858, the twenty per cent. is to be deemed to be due and payable within fifty days after the approval of the Surveyor General is recorded by the locating agent. The approval of the Surveyor General does not appear to have been filed in the matter after the decision of the United States Commissioner of the

General Land Office upon the appeal of James C. Tabor, but it could not have been filed until that decision was known here, and within fifty days of that time, and when the law of 1859 had taken effect, Dolhequy paid the twenty per cent. and interest to the County Treasurer. Under these circumstances, we think he has the prior and better right to the certificate of purchase. Nothing has occurred from the time he first made his application by which his rights under that application have become forfeited. The deposit he made with the Register was not necessary, and its withdrawal did not affect his right. The defendant, having taken his certificate with full knowledge of Dolhequy's rights, must be deemed to hold it in trust for him, and should be required to transfer it to him upon being reimbursed his expenses.

The judgment is therefore reversed and the Court below directed to enter a decree as prayed for in the complaint.